IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KEVIN G. SMITH,** | ) | **CASE NO. 4:09CV3175** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **MATTHEW HOBENSEE, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on August 14, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on August 14, 2009, against Norfolk Police Officer Matthew Hobensee. (Filing No. 1 at CM/ECF pp. 1, 3.) Plaintiff is currently confined in the Community Corrections Center in Lincoln, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendant Hobensee arrested him on September 23, 2007, for "failure to submit to a breathalizer." (*Id*. at CM/ECF pp. 4, 22.) After his arrest, Plaintiff hired an attorney. (*Id*. at CM/ECF p. 4.) However, Plaintiff "lost in Court for numerous reasons" and was sentenced to "three (3) to five (5) years" for a third DWI offence. (*Id*. at CM/ECF pp. 4, 22.) Plaintiff alleges he is "not guilty of this crime and will fight for his innocence." (*Id*. at CM/ECF p. 5.) He asks the court for help. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973),and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a

conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87.

Liberally construed, Plaintiff alleges that Defendant Hobensee illegally arrested him in violation of the Fourth Amendment. However, this allegation necessarily implicates the validity of Plaintiff's conviction and current confinement. As set forth above, the court cannot address this claim in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 19th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.